IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-HC-02174-M

| | |
|---|---|
| JON LAWRENCE FRANK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN RAMOS, )<br>)<br>Respondent. ) | ORDER |

On August 10, 2021, Jon Lawrence Frank ("petitioner"), a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 with documents in support. Pet. [D.E. 1]; Pet. Attach [D.E. 1-1]. Petitioner later filed other documents in support. [D.E. 4].

The court now conducts its initial review under 28 U.S.C. § 2243 (providing the court need not seek a response when it is clear on the petition's face that petitioner is not entitled to relief).

For the reasons discussed below, the court dismisses the instant petition without prejudice.

Background:

On June 9, 2017, pursuant to a written plea agreement in the U.S. District Court for the Eastern District of Virginia, petitioner pleaded guilty to a single count of wire fraud, in violation of 18 U.S.C. § 1343. See United States v. Frank, No. 1:17-cr-00114-LMB-MSN (E.D. Va. June 9, 2017), [D.E. 19, 20, 21]. On September 8, 2017, petitioner was sentenced to, among other things, 78 months' imprisonment. Id., J. [D.E. 36]. Petitioner did not directly appeal.

On September 11, 2018, pursuant to 28 U.S.C. § 2255, petitioner moved to vacate, set aside, or correct his sentence. Id., Mot. [D.E. 54]. On September 21, 2018, the sentencing court dismissed this § 2255 motion. Id., Order [D.E. 57]. Petitioner did not appeal.

On May 12, 2020, petitioner moved the sentencing court for compassionate release under 18 U.S.C. § 3582(c)(l)(A). Id., Mot. [D.E. 88]. On June 11, 2020, the sentencing court denied this motion for compassionate release. Id., Order [D.E. 97].

On May 25, 2021, petitioner again moved for compassionate release. Id., Mot. [D.E. 100]. On July 30, 2021, the sentencing court also denied this motion. Id., Order [D.E. 105].

Petitioner's Filings:

Petitioner generally contests the revocation of his approved release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Pet. [D.E. 1] at 2–4. Petitioner raises the following purported grounds for relief: 1) the Federal Bureau of Prisons ("BOP") violated his due process rights by keeping him in prison after his December 22, 2020, CARES Act release date; 2) the BOP violated the Eighth Amendment by twice approving his release under the CARES Act and then rescinding approval without cause on short notice; 3) he has a due process liberty interest in release under the CARES Act; 4) the BOP violated his procedural due process rights by revoking his approved CARES Act release without notice of reasons; 5) the BOP violated his due process rights when it failed to provide him "a hearing to respond to the federal prosecutors['] alleged new evidence"; 6) he is the "victim of the arbitrary exercise of powers of government" in violation of his due process rights, because "[t]here is no consistency in their decisions for release under the CARES Act"; 7) the BOP violated his due process rights when it provided "untruthful answers," thereby limiting petitioner's "recourse with the courts, the BOP's internal grievance process and Congressional help [sic]"; and 8) the BOP violated his due process rights "by refusing to put in a third CARES Act release application" despite admitting he still qualifies for release. Id. at 5–6. For relief, petitioner asks the court to:

2

"Order Federal Bureau of Prisons to release [him] with time served, but with some amount of home detention at the discretion of this Court, with a release date of 12/22/2020 [sic]." Id. at 11.

Petitioner attaches to his petition, among other things: a Nov. 23, 2020, letter from Warden Ramos indicating his unit team referred him for early release under the CARES Act and he was granted a home confinement date of Dec. 22, 2020, see Pet. Attach. [D.E. 1-1] at 1; a Jan. 25, 2021, letter from U.S. Senator Thom Tillis about an inquiry on his behalf and the BOP's response that petitioner "is eligible for Home Confinement on December 17, 2022, with a projected release date of June 17, 2023," and that he was prematurely informed of his early release date "as [the Unit Team] did not have authorization to confirm anything until the packet was signed and final approval [granted]," id. at 6; his inmate request to staff (BP-8), id. at 9–10; an undated response to his inmate request to staff, id. at 11 (noting that, after petitioner was recommended for Home Detention placement to begin Dec. 22, 2020, his "case was re-reviewed and denied based upon the totality of [his] individual circumstances, in accordance with the CARES Act and applicable guidance. [His] placement on home confinement was thus removed, based in part upon the percentage of time [he has] remaining to serve on [his] sentence, and [his] minimal medial risk from contracting serious complications from a subsequent COVID-19 infection."); his Mar. 16, 2021, request for administrative remedy (BP-9), id. at 13–15; Warden Ramos's Apr. 9, 2021, response denying the administrative remedy request and noting that, although petitioner initially was recommended and scheduled for home confinement, this placement ultimately was disapproved, id. at 17; his Apr. 19, 2021, appeal to the Regional Director (BP-10), id. at 18; a June 23, 2021, filing in petitioner's criminal case opposing his second motion for compassionate release, id. at 20–32; and various pages of his medical treatment records, see id. at 33–102.

3

In his August 25, 2021, filing, petitioner reiterates his contention that he was wrongly detained beyond his December 22, 2020, home confinement release date that had been approved by Warden Ramos on November 23, 2020. See [D.E. 4] at 1. Petitioner attaches various documents confirming his prospective transfer on December 22, 2020. See [D.E. 4-1] at 1–6.

Discussion:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

The court is not empowered to direct the BOP to release petitioner to home confinement under the CARES Act. See Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020); see also 18 U.S.C. § 3624 (authorizing the BOP to place prisoners in home confinement); United States v. Johnson, 849 F. App'x 750, 754 (10th Cir. 2021) (unpublished) ("The CARES Act does not empower the courts to order that an inmate's sentence be served in home confinement."); United States v. Read-Forbes, 843 F. App'x 131, 133 (10th Cir. 2021) (unpublished) ("[E]ven as modified by the CARES Act, [18 U.S.C. § 3582(c)(1)(A)] does not permit courts to specify where a prisoner shall serve her term"); Holt v. Warden, No. CV 0:22-158-RMG-PJG, 2022 WL 837526, at *2 (D.S.C. Feb. 23, 2022) (collecting cases for the proposition that "[t]he BOP's authority as to where to house inmates is completely discretionary and not subject to judicial review"), report and recommendation adopted, No. CV 0:22-00158-RMG, 2022 WL 836745 (D.S.C. Mar. 21, 2022); Knight v. Reherman, No. CV 1:20-00315, 2020 WL 6573321, at *4 (S.D.W. Va. Aug. 5, 2020) (collecting cases for the proposition that the CARES Act expanded the BOP's home confinement transfer authority but that courts lack authority to so order), report and recommendation adopted, No. CV 1:20-00315, 2020 WL 6572623 (S.D.W. Va. Nov. 9, 2020); United States v. Byers, No.

4

1:18-cr-00036-MR-WCM-1, 2020 WL 3513703, *2 (W.D.N.C. Jun. 29, 2020) (noting, "the discretion to release a prisoner to home confinement lies solely with the Attorney General" (citing 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g))); Bodley v. Andrews, No. 5:19-HC-02052-D, 2019 WL 4196562, at *2–3 (E.D.N.C. May 2, 2019) (finding that "discretion to release a prisoner to home confinement lies solely with the Attorney General" (collecting cases)), report and recommendation adopted, No. 5:19-HC-2052-D, 2019 WL 4201576 (E.D.N.C. Sept. 4, 2019).

Thus, because he has no cognizable liberty interest in early release to home confinement under the CARES Act, the BOP's apparent revocation of petitioner's scheduled early release does not violate his due process rights. See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012) ("[T]he Due Process clause protects only those interests to which an individual has a 'legitimate claim of entitlement.'" (quoting Greenholtz, 442 U.S. at 7)); cf. Sandin v. Conner, 515 U.S. 472, 483–84 (1995); Wolff v. McDonnell, 418 U.S. 539, 556–57, 563–72.

Alternatively, dismissal also is appropriate because petitioner failed to exhaust his available administrative remedies prior to filing the instant § 2241 habeas petition.

> Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals. See e.g., Boumediene v. Bush, 553 U.S. 723, 793 (2008); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010). The exhaustion requirement is a prudential restraint, not a statutory requirement. Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004). It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention. Darby v. Kemp, 957 F.2d 145, 147 (4th Cir. 1992), rev'd on other grounds sub nom. Darby v. Cisneros, 509 U.S. 137 (1993).

Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished).

5

Failure to exhaust administrative remedies is an affirmative defense that a defendant generally must plead and prove. See Jones v. Bock, 549 U.S. 199, 216 (2007); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

The BOP has a multi-tiered Administrative Remedy Program. See 28 C.F.R. §§ 542.10, et seq. An inmate first seeks to informally resolve his complaint by filing Form BP-8 and, if the matter cannot be resolved informally, the inmate must file a formal written "Administrative Remedy Request" (Form BP-9) within twenty days following the date on which the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). An inmate then may appeal the decision to the Regional Director within twenty days of the date of the Warden's BP-9 response by filing Form BP-10. 28 C.F.R. § 542.15. Finally, the inmate may appeal the BP-10 decision to the General Counsel within thirty days of the Regional Director's response by filing Form BP-11. Id. If the inmate does not receive a response from the Warden, Regional Director, or General Counsel within the allotted time frames, including extensions of time, the inmate may consider the absence of a response to be a denial and may then appeal to the next level. 28 C.F.R. § 542.18.

Although petitioner asserts the BOP Regional Director did not respond to his April 23, 2021, BP-10, instead of appealing this purported absence of a response by filing Form BP-11, see 28 C.F.R. § 542.18, he instead filed this § 2241 petition, see Pet. [D.E. 1] at 3. Petitioner fails to demonstrate either "exceptional circumstances" meriting this attempted bypassing of the BOP administrative remedy procedures, cf. Timms, 627 F.3d at 530–31, or that that BOP grievance procedure otherwise was "unavailable" to him, cf. Ross v. Blake, 136 S. Ct. 1850, 1859–60 (2016).

Thus, because it is clear from the face of petitioner's filings that he did not fully exhaust his available administrative remedies as to his claims before filing this § 2241 petition, dismissal

6

without prejudice is appropriate. See Custis, 851 F.3d at 361 ("A court may sua sponte dismiss" an action where failure to exhaust administrative remedies is apparent on the face of the filings).

To the extent petitioner instead asserts that his confinement at Butner constitutes cruel and unusual punishment under the Eighth Amendment, see Pet. [D.E. 1] at 5, this claim does not sound in habeas. See Nelson v. Campbell, 541 U.S. 637, 643, 646 (2004) (noting "constitutional claims that merely challenge the conditions of a prisoner's confinement" fall outside of the "core" of habeas corpus petitions); Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973) (distinguishing habeas petitions and civil-rights actions); Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008). Accordingly, the court dismisses this claim without prejudice and makes no findings as to petitioner's likelihood of success on such claims in any future civil-rights action.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Conclusion:

In sum, the court: DISMISSES WITHOUT PREJUDICE this § 2241 petition [D.E. 1]; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED, this 2d day of May 2022.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge

7